UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| Solutia Inc., et al., | Case Nos. 03-17949 (PCB) (Jointly Administered) |
| Debtors. | |

-------------------------------------------------x

| | |
|---|---|
| Official Committee of Equity Security Holders of Solutia, Inc., on its own behalf | Adv. Pro. No. 05-01202 |
| Plaintiff, | |
| -against- | |
| Monsanto Company and Pharmacia Corporation, | |
| Defendants. | |

-------------------------------------------------x

MEMORANDUM DECISION ON ISSUE OF STANDING

BEATTY, Prudence Carter, U.S.B.J.

      The Court has received and reviewed all of the papers of the parties on the issue of the right of the Committee of Equity Security Holders (the "Committee") to pursue the Debtor's claims and has found the papers helpful and well prepared. This Court has concluded that it has not ruled previously on the right of the Committee to pursue the claims of the Debtor. The prior motion to dismiss was governed by *Conley v. Gibson* 355 U.S. 41 (1957). *Conley* states that a complaint must be upheld in the pre-answer context if the court can find <u>any</u> possibility that any claim might be successful. This Court previously held that the instant adversary proceeding had a possibility that some portion of the Complaint would be successful.

The Court, however, never expressly ruled on the Committee's right to pursue the Debtor's claims. No basis other than *In re STN Enters., Inc.*, 779 F.2d 901 (2d Cir. 1985) has been asserted as a basis for the Committee's standing to pursue the Debtor's claims. Under *STN*, before the court can designate another party to pursue the claims of the debtor, the debtor must have been found to have unjustifiably failed to pursue its own claims. *Id.* at 904.

Whatever the situation was when the instant Complaint was filed, it is clear now that the Debtor has pursued its claims against Monsanto and Pharmacia and indeed, has entered into a settlement agreement with respect to those claims. Dislike of the results of the Debtor's pursuit is not a basis for allowing another party to pursue the Debtor's claims.

Having disposed of the standing issue with respect to the Debtor's claims, the Court will rule on the Committee's standing to assert claims on its own behalf. Here, the Committee prevails. The Complaint is in the nature of an objection to the claims of Monsanto and Pharmacia. Bankruptcy Code ("Code") §502(a) states that "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest * * * objects." Thus any party in interest may object to a claim.[1]

"Party in interest" is not defined in the Code. However, Code §1109(b) fleshes out its meaning in Chapter 11 cases. That section provides that

---

[1] The legislative history following this section states "[t]he Rules and case law will determine who is a party in interest for purposes of objection to allowance. The case law is well developed on this subject today." *House Report No. 95-595, 95th Cong., 1st Sess. 362 (1977);* Senate *Report No. 95-989, 95th Cong., 2d Sess. 62 (1978).*

The Advisory Committee Notes to Bankruptcy Rule 3007 (Objections to Claims) states, "[w]hile the debtor's other creditors may make objections to the allowance of a claim, the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee." (Emphasis added).

"A <u>party in interest</u>, <u>including</u> the debtor, the trustee, a creditors' committee, <u>an equity security holders' committee</u>, a creditor, an equity security holder, or an indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." (Emphasis added).

There is nothing in the Bankruptcy Code or Rules which prevents the Committee from pursuing the adversary proceeding on its own behalf. In an objection to claims proceeding, the nature of the claim held by the claimant is irrelevant (an exception is vindictive litigation, which is not the case here). If the Committee prevails in whole or in part, the claims of Monsanto and Pharmacia will be reduced or eliminated. The amount of any reduction will solely relate to the size of Monsanto's and Pharmacia's claims. There will be no consideration of the size of the Committee's interests.

For all of the foregoing reasons, the Court holds that the Committee does not have standing to pursue the Debtor's claims. However, the Committee does have the standing to pursue its own objections to the claims of Monsanto and Pharmacia.

So Ordered.

Date: New York, New York
    September 14, 2006

/s/ Prudence Carter Beatty
United States Bankruptcy Judge